UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:23-cv-1107-SSS-KKx | Date | June 21, 2023 |
|---|---|---|---|
| Title | *Nelson Chilin v. George T. Younan, et al.* | | |

Present: The Honorable   SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT DENY SUPPLEMENTAL JURISDICTION**

On June 12, 2023, Plaintiff Nelson Chilin filed his Complaint asserting a claim for injunctive relief arising out of an alleged violation of the American with Disabilities Act ("ADA"), 42 U.S.C. § 12131; a claim for damages pursuant to California's Unruh Civil Rights Acts ("Unruh Act"), Cal. Civ. Code § 52; a claim for damages pursuant to California's Disabled Persons Act, Cal. Civ. Code §§ 54.1(a)–(d); a claim for damages pursuant to the California Health & Safety Code § 19955, *et seq.*; and a claim for damages pursuant to a state law negligence theory.  [Dkt. 1].  As the Unruh Act, the California Disabled Persons Act, the California Health & Safety Code, and the negligence claims are all pursuant to state law, as opposed to a federal law, the Court would only possess supplemental jurisdiction over them.  *See* 28 U.S.C. § 1367(a).

The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and *at every stage of the litigation*, the values of judicial economy, convenience, fairness, and comity.'"  *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting

*Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).  The Court therefore **ORDERS** Chilin to show cause in writing why the Court should exercise supplemental jurisdiction over the state law claims asserted in the Complaint.  *See* 28 U.S.C. § 1367(a).

In responding to this Order to Show Cause, Chilin shall identify the statutory damages he seeks to recover.  Chilin and his counsel shall also support their responses to this Order with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant" as provided by California Civil Procedure Code §§ 425.55(b)(1) & (2).  **Chilin shall file his response to this order no later than July 7, 2023**.  The Court further sets a hearing regarding this Order to Show Cause on **July 14, 2023, at 1:00 PM** via Zoom.[1]  Failure to timely or adequately respond to this Order may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

**IT IS SO ORDERED**.

---

[1] The Court refers the Parties to Judge Sykes' website for details regarding hearings via zoom: https://www.cacd.uscourts.gov/honorable-sunshine-s-sykes.